UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

ROBERT L. HURT                                              CASE NO. 10-53495

DEBTOR

J. JAMES ROGAN, TRUSTEE                        PLAINTIFF

v.                                                                    ADV. NO. 10-5038

CITIMORTGAGE, INC.                                     DEFENDANT

**MEMORANDUM OPINION**

Virginia law provides that an attorney acting under a validly executed power of attorney may acknowledge a deed of trust in real property on behalf of her clients. In this adversary proceeding, the Trustee seeks to avoid the lien of CitiMortgage, Inc. because the acknowledgment on the Debtor's Virginia deed of trust names the Debtor and his wife, although the deed itself was actually executed by their attorney. CitiMortgage contends that because the deed of trust was accepted by the clerk and spread on the books, it is deemed validly recorded and binding on the Trustee. Because the deed of trust was acknowledged by the Debtor's attorney under a valid power of attorney, and because Virginia law permits such an acknowledgment, judgment will be entered in favor of CitiMortgage. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

I.

On June 30, 2006, the Debtor and his spouse entered into an agreement with Benchmark Mortgage, Inc. for a residential loan for property located in Beaverdam, Virginia. Pursuant to this agreement, a promissory note and deed of trust were executed by the Debtor's attorney, Lynda W. Brice. Neither the Debtor nor his wife signed the documents. Rather, Ms. Brice signed as "Robert L. Hurt II, by Lynda W. Brice, His Attorney in Fact," and "Jennifer A. Hurt, by Lynda W. Brice,

1

Her Attorney in Fact." The notary clause on the deed of trust states that "[t]he foregoing instrument was acknowledged before me this June 30, 2006 Robert L. Hurt II and Jennifer A. Hurt" and was signed by the notary public, Nelly Elder. Ms. Brice's signature was not notarized. Prior to this agreement, however, the Debtor and his wife executed a Specific Power of Attorney which authorized Ms. Brice to execute and acknowledge all documents in connection with the purchase of the property (Doc. 28).

After Ms. Brice signed the deed of trust, it was recorded on July 3, 2006, in the clerk's office in Hanover County, Virginia. Subsequently, Mortgage Electronic Registration Services, as nominee for Benchmark, assigned Benchmark's interest to CitiMortgage on September 28, 2009. This assignment was also recorded in the Hanover County clerk's office.

Before the assignment to CitiMortgage, the Debtor filed a Chapter 7 bankruptcy petition May 25, 2009. The residence is listed in his petition with a value of $176,500.00. CitiMortgage filed a proof of claim asserting a secured claim of $351,278.82. On April 15, 2010, the Trustee commenced this adversary proceeding, by which he seeks to avoid the lien of CitiMortgage based upon an alleged flaw in the notary clause on the deed of trust. CitiMortgage filed an answer and subsequently moved for summary judgment, contending that because the deed of trust had been recorded with the county clerk, it was deemed validly recorded for all purposes under Virginia law. The Trustee also moved for summary judgment. Both parties submitted responses and objections and a hearing on the cross-motions for summary judgment was held on July 15, 2010, and a subsequent hearing was held on December 1, 2010. After filing trial briefs, the parties submitted this matter for final disposition upon the record.

II.

The Trustee argues that the acknowledgment contained in the deed of trust's notary clause erroneously states that it was executed by the Debtor and his wife when in fact it was executed by Ms. Brice. Based upon the allegedly flawed acknowledgment, the Trustee contends that the deed of trust is invalid, consequently making CitiMortgage's lien invalid. CitiMortgage does not argue that the acknowledgment was valid, but rather that the deed of trust is valid because Virginia law provides that once the deed was recorded, the acknowledgment is presumed to be in proper form and

2

the deed is deemed validly recorded for all purposes.

The Trustee's argument is based solely on section 47.1-15 of the Virginia Code, which prescribes that a notary public is not permitted to "[n]otarize a document if the signer is not in the presence of the notary at the time of notarization, unless otherwise authorized by law to do so." Va. Code § 47.1-15(1). The Trustee argues that this statute makes the notary clause on the deed of trust invalid because the acknowledgment states that the instrument was executed by the Debtor and his wife, when in fact it was executed by their attorney. The Trustee does not, however, claim that Ms. Brice did not have authority to sign the deed of trust.

The Trustee's reliance upon section 47.1-15 is misplaced. That section merely requires the "signer" of the document to be in the presence of the notary. In this matter, the "signer" of the document was Ms. Brice, who was present when it was notarized. Although section 47.1-15 by itself does not make the acknowledgment invalid, it is clear that Virginia law requires the person acknowledging a document to be the same person who executed the document. Section 55-118.3 of the Virginia Code requires:

> The person taking an acknowledgment shall certify that:
>
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Va. Code § 55-118.3. Regarding acknowledgments, the Virginia Supreme Court has observed:

> The policy of the Commonwealth is "to look with great leniency on certificates of acknowledgment, and to uphold them if possible." *Blair v. Rorer's Adm'r*, 135 Va. 1, 24, 116 S.E. 767, 775 (1923), *error denied*, 262 U.S. 734, 43 S.Ct. 704 (1923). Obvious technical errors in a certificate of acknowledgment will be disregarded; a substantial compliance with the acknowledgment statute is all that is required. *Id.* "If it is reasonably certain that the grantor made the acknowledgment of the instrument in question that is sufficient,' *id.*, because '[t]he object of the statute is that the notary . . . shall know and certify that the person whose name is signed to the instrument is the person who is acknowledging it." *Building and Loan Ass'n v. Roane*, 205 Va. 916, 917, 140 S.E.2d 823, 824 (1965).

*Cumbee v. Myers*, 350 S.E.2d 633, 634 (Va. 1986). Furthermore, the court interpreted section 55-118.3 to mean that a certificate of acknowledgment "merely verifies that the person named executed

3

the document in question . . . [and] signifies that the person acknowledging the document *stated in the presence of the notary that the document was his or her act.*" *Id.* (emphasis added).

The acknowledgment certificate indicates that only the Debtor and his wife acknowledged the deed of trust, which would require them to appear before the notary and state in her presence that the deed of trust was his or her act. They did not appear before the notary, and therefore could not have acknowledged the deed of trust in person. However, it must be noted that section 47.1-15 provides that a signer must acknowledge the document in person, "unless otherwise authorized by law to do so." Va. Code § 47.1-15. Therefore, the fact that Ms. Brice, rather than the Debtor and his wife, acknowledged the deed of trust does not make the acknowledgment invalid, as long as Ms. Brice was authorized by law to do so.

### III.

As noted previously, the Debtor and his wife executed a power of attorney which authorized Ms. Brice to execute documents pertaining to the purchase of the property. This power of attorney provided that Ms. Brice was appointed to "undertake and to do all acts necessary to complete the purchase and settlement on the property described as 15429 Beaver Den Lane, Beaverdam, VA 23015 . . . and to obtain a loan from Benchmark Mortgage, Inc." (Doc. 28, Exhibit 1). Most importantly, the power of attorney also provided that "we do authorize my Attorney-In-Fact to do all acts necessary to acquire the above described property and to obtain the above described loan, including but not limited to the execution, *acknowledgment*, sealing, and delivery of all contracts, deeds, notes, [and] *deeds of trust* . . . ." (Doc. 28, Exhibit 1) (emphasis added). Therefore, by its very terms, the power of attorney granted the authority from the Debtor and his wife to Ms. Brice to acknowledge the deed of trust on their behalf.

Virginia law permits an attorney to acknowledge a deed of trust for her client if she is acting under a valid power of attorney. A "power of attorney" is defined as "a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term power of attorney is used." Va. Code § 26-73. Section 26-97 of the Virginia Code provides that an attorney is granted authority to acknowledge documents on behalf of the principal:

[e]xcept as otherwise provided in the power of attorney, by executing a power of

4

> attorney that incorporates by reference a subject described in §§ 26-98 through 26-111 or that grants to an agent authority to do all acts that a principal could do pursuant to subsection C of § 26-95, a principal authorizes the agent, with respect to that subject to:
>
> . . .
>
> Execute, *acknowledge*, seal, deliver, file, or record any instrument or communication the agent considers desirable to accomplish a purpose of a transaction . . . ."

Va. Code § 26-97 (emphasis added). Therefore, an attorney acting under a power of attorney may acknowledge documents that relate to a subject described in sections 26-98 through 26-111 of the Virginia Code.

Section 26-98 governs the authority of an attorney-in-fact to execute documents in connection with real property. It provides that an attorney acting under a power of attorney may "[p]ledge or mortgage an interest in real property or right incident to real property as security to borrow money or pay, renew, or extend the time of payment of a debt of the principal or a debt guaranteed by the principal . . . ." Va. Code § 26-98. Reading sections 26-97 and 26-98 together, Virginia law clearly provides that an attorney-in-fact may acknowledge a deed of trust on behalf of the principal.

The power of attorney signed by the Debtor and his wife expressly contemplated that Ms. Brice would have the authority to acknowledge the deed of trust. This authority is permitted under Virginia law. Accordingly, the Debtor and his wife were not required to acknowledge the deed of trust, as Ms. Brice's acknowledgment fits within the "unless otherwise authorized to by law to do so" exception of section 47.1-15. Va. Code § 47.1-15. Due to the valid power of attorney, there is no defect in the acknowledgment.

V.

Because the deed of trust was validly executed and acknowledged by Ms. Brice, CitiMortgage holds a valid lien on the Debtor's property. The Court acknowledges the arguments presented by CitiMortgage under the curative statutes in the Virginia Code, but chooses not to address those statutes as relief may otherwise be afforded. A separate order will be entered in accordance with the foregoing, granting judgment in favor of CitiMortgage.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Thursday, March 31, 2011
(jms)**